UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERICK M. GUZMAN
     Plaintiff.

                                 Case No.:

-v-

FINANCIAL ASSET
MANAGEMENT SYSTEMS, INC.
     Defendant.

## PLAINTIFFS VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, ERICK M. GUZMAN (hereinafter "Erick" or "Plaintiff"),

individually, by and through undersigned counsel, and hereby sues Defendant, FINANCIAL

ASSET MANAGEMENT SYSTEMS, INC (hereinafter "FAMS" or "Defendant") and alleges;

## PRELIMINARY STATEMENT

This is an action for actual damages, punitive damages, statutory damages brought by

Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (hereinafter

"TCPA")  47 U.S.C. § 227(b) (1) (A) (iii); the Fair Debt Collection Practices Act (hereinafter the

FDCPA) 15 U.S.C. §1692e(2)(A), §1692e(8), §1692g(b); and the Florida Consumer Collection

Practices Act (hereinafter the FCCPA), FLA. STAT. §559.72 (7), §559.72 (9); and for

declaratory judgment and injunctive relief in equity.

Upon belief and information, Plaintiff contends that many of these practices are

widespread for the Defendant.  Plaintiff intends to propound discovery to Defendant identifying

other individuals who have suffered similar violations.

Plaintiff contends that the Defendant has violated such laws by repeatedly harassing

Plaintiff in attempts to collect an alleged debt.

## JURISDICTION AND VENUE

1.      This is an action for damages that exceed $15,000.00.

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and pursuant to 47 U.S.C. §227(b)(3) for TCPA; 15 U.S.C. §1692k for FDCPA; and supplemental jurisdiction exists for the state law claims pursuant to by Fla. Stat. §559.77 and or pursuant to 28 U.S.C. § 1367

3.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2). Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

4.      Plaintiff, Erick M. Guzman, is a natural person over the age of eighteen (18) and is a resident of the State of Florida in Miami-Dade County.

5.      Plaintiffs is a debtor and/or alleged debtor as that term is defined by section 559.55(2), Florida Statutes.

6.      Plaintiff is the "called party" with respect to the calls placed to his cellular telephone number, (786) 389-9252, as further described   herein See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and Fla. Stat. §559.55(2).

8.      At all times material hereto, Defendant, FINANCIAL ASSET MANAGEMENT SYSTEMS, INC is a foreign corporation and a citizen of the State of Georgia, authorized to do business in Florida with its principal place of business located at 1967 Lakeside Parkway, Suite 402, Tucker, GA, 30084

## GENERAL ALLEGATIONS

9.      At all times herein, Defendant is a debt collector as that term is defined by 15 U.S.C.

§1692(a)(6) and Fla. Stat. §559.55(7).

10.     Defendant regularly uses interstate mail while engaging in businesses the principal of

which are the collection of debts, directly or indirectly from consumers, allegedly due another.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant

sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or

electronic mail and initiates contact with alleged debtors via various means of

telecommunication, such as the telephone and facsimile.

12.     At all times herein, Defendant attempts to collect a debt, specifically the account on the

dunning letters sent to Plaintiff from Defendant. (hereinafter "the Debt").

13.     At all times herein, the Debt was a consumer debt, incurred primarily for personal,

household or family use.

14.     At all times herein, Defendant was a "person" pursuant to Florida Statutes, Section

559.55(4). *See Schauer v. General Motors Acceptance Corp.,* 819 So. 2d 809 (Fla. 4th DCA

2002).

15.     At all times herein, Defendants conduct, with regard to the Debt complained of below,

qualifies as a "communication" as defined by Florida Statutes, Section 559.55 and 15 U.S.C.

Section 1692a(2).

16.     At all times herein, Defendant acted themselves or through their agents, employees, third-

party vendors, officers, members, directors, successors, assigns, principals, trustees, sureties,

subrogees, representatives, and insurers.

17.     The principal purpose of Defendant's business is the collection of debts.

18.     All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

19.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (786) 389-9252, and was the called party and recipient of Defendant's hereafter described calls.

20.     As described herein, Defendant FAMS implemented its unlawful collection conduct by sending Plaintiff threatening collection letters asserting false and misleading information and by initiating calls to Plaintiff 's cellular telephone number, (786) 389-9252, several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, in an effort to collect the debt.

21.     Each call, as described in the subject of this Complaint, the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

22.     Each call, as described in the subject of this Complaint, the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

23.     Each call, as described in the subject of this Complaint, the Defendant made to the Plaintiff was an intentional and willful violation of the TCPA.

24.     Plaintiff has no prior or present established relationship with the Defendant.

25.     Plaintiff has no contractual obligation to pay Defendant.

26.     On or before November 01, 2014, Defendant was assigned the Debt for value.

27.     Pursuant to Florida Statute 75.11, The Florida State Statute of Limitations has expired on this debt to be collected on.

28.     From November 01, 2014 through May 15, 2015, FAMS violated the TCPA by calling Plaintiff's cell phone number (786) 389-9252 several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, in an effort to collect the debt with no prior permission given by Plaintiff. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from the following phone number: (866) 837-6192. A partial call log is provided as attachment EXHIBIT "A" demonstrating 16 such calls. Plaintiff intends to propound discovery upon FAMS for the remaining calls.

29.     From November 01, 2014 through May 15, 2015, FAMS violated the TCPA by leaving pre-recorded messages on Plaintiffs cell phone without express permission given by Plaintiff. The prerecorded message states:

> "Hello this is financial asset management systems calling. You may be entitled to participate in a loan rehabilitation program has been established by the United States Department of Education. Please contact our office at 866-837-6192 so that we may assist you with these benefits thank you".

Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from the following phone numbers: (866) 837-6192. A detailed call log is provided as attachment EXHIBIT "A" demonstrating 16 such calls.

30.     On at least 1 occasion Plaintiff answered the call to inform FAMS that Plaintiff never gave FAMS permission to call him and to request that they please stop calling. Plaintiff has spoken with FAMS on other occasions but cannot recall specifically which dates. On each of these calls when Plaintiff answered "hello" there was silence for a few seconds before a

representative of FAMS came on and started speaking, which is indicative of an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a) (1).

31.     Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts and solicit business from individuals such as Plaintiff for its financial benefit.

32.     Defendant willfully or knowingly violated the TCPA.

33.     On or about March 26, 2015 Plaintiff received his initial correspondence from FAMS dated February 11, 2015 attempting to collect on the debt in the amount of $8,532.05. This letter stated that the original principal balance is $5,874.12, the current principal balance is $5,874.12, the interest is $987.75 and the fees and costs are $1,670.18. This letter stated that the TOTAL BALANCE is $8,532.05.  SEE EXHIBIT "B"

34.     On or about April 04, 2015 Plaintiff received another correspondence from FAMS dated February 18, 2015 attempting to collect on the debt in the amount of $8,541.17. This letter stated that the original principal balance is $5,874.12, the current principal balance is $5,874.12, the interest is $995.52 and the fees and costs are $1,672.07. This letter stated that the TOTAL BALANCE is $8,541.71. SEE EXHIBIT "C"

35.     On or about May 26, 2015 Plaintiff sent FAMS a Debt Validation Request via certified mail requesting FAMS show evidence of Plaintiff's legal requirement to pay FAMS as well as a notice to Cease and Desist collection activity. SEE EXHIBIT "D"

36.     On or about June 12, 2015 Plaintiff received a written correspondence from FAMS dated June 04, 2015 attempting to collect on the debt in the amount of $8,687.37. This later stated that the original principal balance is $5,874.12, the current principal balance is $5,874.12, the interest

is $1,112.66 and the fees and costs are $1,700.59. This letter stated that the TOTAL BALANCE

is $8,687.37 SEE EXHIBIT "E"

37.     On or about July 12, 2015 Plaintiff sent FAMS a Final Debt Validation Request, Dispute

and Notice of Pending Litigation via certified mail requesting FAMS show evidence of

Plaintiff's legal requirement to pay FAMS as well as a notice to Cease and Desist. This letter

also stated that Plaintiff was willing to settle the matters amicably without having to file suit.

SEE EXHIBIT "F"

38.     On or about August 8, 2015 Plaintiff retained undersigned counsel Stephen DeTata.

39.     Plaintiff contends that the illegal actions of the Defendant has harmed the Plaintiff,

resulting in mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees

and costs.

40.     Defendant has many similar complaints from consumers across the country, as those

alleged in this lawsuit, by Plaintiff.

### COUNT I
### VIOLATIONS OF THE TELEPHONE
### COMMUNICATIONS ACT 47 U.S.C. §227

41.     Paragraphs 1 through 40 are re-alleged as though fully set forth herein.

42.     The calls specified on ¶ 28 of the instant complaint is indicative of an "automatic

telephone dialing system" as defined by 47 U.S.C. § 227 (a) (1).

43.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by

repeatedly placing calls to Plaintiff's cellular telephone number using an automated telephone

dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express

consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and

Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1). The calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

44.     Calls placed by Defendant to Plaintiff's aforementioned cellular telephone number were made without the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

45.     Defendant has committed at least 50 violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

46.      Plaintiff and Defendant do not have an established business relationship within the meaning of 47 U.S.C. §227.

47.     Plaintiff is entitled to damages of up to $1,500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

48.     None of the calls at issue were placed by Defendant to Plaintiffs aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(l)(A).

49.     The TCPA provides Plaintiff with a private right of action against Defendant for its violations of the TCPA, as described herein, pursuant to 47U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

        **WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant FINANCIAL ASSET MANAGEMENT SYSTEMS, INC for actual damages, statutory damages, punitive damages, attorney's fees and costs such other equitable relief this Court deems just and proper pursuant to 47 U.S.C. §227(b)(3)(C).

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION
## PRACTICES ACT (FCCPA), FLA. STAT. §559.72(7)

50.     Paragraphs 1 through 40 are re-alleged as though fully set forth herein.

51.     FAMS violated the FCCPA. Defendants' violations include, but are not limited to the following: FAMS violated Fla. Stat. §559.72(7) by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor.

52.     Specifically, between February 01, 2015 and May 01. 2015, Defendant called Plaintiff's cell phone number (786) 389-9252 several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, in an effort to collect the debt with no prior permission given by Plaintiff.

53.     Defendant continued to call Plaintiff's cell phone number (786) 389-9252 several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, in an effort to collect the debt even after Plaintiff told Defendant to stop calling on more than one occasion.

        **WHEREFORE**, Plaintiff requests this Court enter a judgment against FINANCIAL ASSET MANAGEMENT SYSTEMS, INC for $1,000 statutory damages, punitive damages, actual damages, attorneys fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to Fla. Stat. §559.77.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION
## PRACTICES ACT (FCCPA), FLA. STAT. §559.72(9)

54.     Paragraphs 1 through 40 are re-alleged as though fully set forth herein.

55.     FAMS violated the FCCPA. Defendants' violations include, but are not limited to the following: FAMS violated Fla. Stat. §559.72(9) by claiming, attempting, or threatening to

enforce a debt when such person knows that the debt is not legitimate, or assert the existence of

some other legal right when such person knows that the right does not exist.

56.     Specifically, on or about March 26, 2015 Plaintiff received his initial correspondence

from FAMS dated February 11, 2015 attempting to collect on the debt in the amount of

$8,532.05. This letter stated that the original principal balance is $5,874.12, the current principal

balance is $5,874.12, the interest is $987.75 and the fees and costs are $1,670.18. This letter

stated that the TOTAL BALANCE is $8,532.05.  SEE EXHIBIT "B"

57.     This letter attempted to enforce a debt when FAMS knew the debt was not legitimate.

The debt was not legitimate because the Plaintiff never had any agreement with FAMS and the

debt was paid off by the insurance policy of the original creditor.

58.      FAMS knew or should have known the debt was not legitimate and that even if it was

legitimate, The Florida State Statute of Limitations expired on the debt to be collected on

Pursuant to Florida Statute 75.11.

        **WHEREFORE**, Plaintiff requests this Court enter a judgment against FINANCIAL

ASSET MANAGEMENT SYSTEMS, INC for $1,000 statutory damages, punitive damages,

actual damages, attorneys fees, filing fees and costs, and such other equitable relief this Court

deems just and proper pursuant to Fla. Stat. §559.77.


**COUNT IV**
**VIOLATION OF FLORIDA CONSUMER COLLECTION**
**PRACTICES ACT (FCCPA), FLA. STAT. §559.72(9)**

59.     Paragraphs 1 through 40 are re-alleged as though fully set forth herein.

60.     FAMS is subject to and has violated provisions of Florida Statutes, Section 559.72(9) by

attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the

existence of the right with knowledge that the right does not exist.

61.     Specifically, on or about April 04, 2015 Plaintiff received another correspondence from FAMS dated February 18, 2015 attempting to collect on the debt in the amount of $8,541.17. This letter stated that the original principal balance is $5,874.12, the current principal balance is $5,874.12, the interest is $995.52 and the fees and costs are $1,672.07. This letter stated that the TOTAL BALANCE is $8,541.71. SEE EXHIBIT "C"

62.     This letter attempted to enforce a debt when FAMS knew the debt was not legitimate. The debt was not legitimate because the Plaintiff never had any agreement with FAMS and the debt was paid off by the insurance policy of the original creditor.

63.     FAMS knew or should have known the debt was not legitimate and that even if it was legitimate, The Florida State Statute of Limitations expired on the debt to be collected on Pursuant to Florida Statute 75.11.

        **WHEREFORE**, Plaintiff requests this Court enter a judgment against FINANCIAL ASSET MANAGEMENT SYSTEMS, INC for $1,000 statutory damages, punitive damages, actual damages, attorneys fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to Fla. Stat. §559.77.

### COUNT V
### VIOLATION OF FLORIDA CONSUMER COLLECTION
### PRACTICES ACT (FCCPA), FLA. STAT. §559.72(9)

64.     Paragraphs 1 through 40 are re-alleged as though fully set forth herein.

65.     FAMS is subject to and has violated provisions of Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the right with knowledge that the right does not exist.

66.     Specifically, on or about June 12, 2015 Plaintiff received a written correspondence from FAMS dated June 04, 2015 attempting to collect on the debt in the amount of $8,687.37. This

later stated that the original principal balance is $5,874.12, the current principal balance is $5,874.12, the interest is $1,112.66 and the fees and costs are $1,700.59. This letter stated that the TOTAL BALANCE is $8,687.37 SEE EXHIBIT "E"

67.     This letter attempted to enforce a debt when FAMS knew the debt was not legitimate. The debt was not legitimate because the Plaintiff never had any agreement with FAMS and the debt was paid off by the insurance policy of the original creditor.

68.     FAMS knew or should have known the debt was not legitimate and that even if it was legitimate, The Florida State Statute of Limitations expired on the debt to be collected on Pursuant to Florida Statute 75.11.

        **WHEREFORE**, Plaintiff requests this Court enter a judgment against FINANCIAL ASSET MANAGEMENT SYSTEMS, INC for $1,000 statutory damages, punitive damages, actual damages, attorneys fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to Fla. Stat. §559.77.

## COUNT VI
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(2)(A)

69.     Paragraphs 1 through 40 are re-alleged as though fully set forth herein.

70.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

71.     FAMS is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

72.     Defendant FAMS is subject to and has violated 15 U.S.C. §1692e(2) (A) by falsely representing the character, amount, or legal status of any debt.

73.     Specifically, all of the dunning letters FAMS sent to Plaintiff on Exhibit B, Exhibit C, and Exhibit E attempting to collect on the debt all specified differing amounts and were not related to any agreement between Plaintiff and Defendant.

74.     FAMS knew or should have known the debt was non-existent and therefore falsely

represented the character and legal status of the debt.

75.     As a direct result of FAMS actions, Plaintiff has sustained damages as defined by 15

U.S.C. Section 1692k.

        **WHEREFORE**, Plaintiff requests this Court enter a judgment against FINANCIAL

ASSET MANAGEMENT SYSTEMS, INC for $1,000 statutory damages, actual damages,

attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and

proper pursuant to Fla. Stat. §559.77.

## COUNT VII
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692f(1)

76.     Paragraphs 1 through 40 are re-alleged as though fully set forth herein.

77.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

78.     FAMS is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

79.     Defendant FAMS is subject to and has violated 15 U.S.C. §1692f(1) by collecting an

amount (including any interest, fee, charge, or expense incidental to the principal obligation) not

expressly authorized by the agreement creating the debt or permitted by law.

80.     Specifically, all of the dunning letters FAMS sent to Plaintiff on Exhibit B, Exhibit C,

and Exhibit E attempted to collect amounts such as "the interest is $995.52 and the fees and costs

are $1,672.07"; that were not authorized on an agreement that created the debt and were not

related to any agreement between Plaintiff and Defendant.

81.     As a direct result of FAMS actions, Plaintiff has sustained damages as defined by 15

U.S.C. Section 1692k.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against FINANCIAL ASSET MANAGEMENT SYSTEMS, INC for $1,000 statutory damages, actual damages, attorneys fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to Fla. Stat. §559.77.

## COUNT VIII
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692g (b)

82.     Paragraphs 1 through 40 are re-alleged as though fully set forth herein.

83.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

84.     FAMS is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

85.     Defendant FAMS is subject to and has violated 15 U.S.C. §1692g(b) by not ceasing collection efforts until the debt was validated.

86.     Specifically, FAMS continued sending Plaintiff debt collection letters without providing validation of the debt as requested on more than one occasion. SEE EXHIBIT "E" and EXHIBIT "F".

87.     As a direct result of FAMS actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that FAMS violated 47 U.S.C. § 227(b) (1) (A) (iii); 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692f(1), 15 U.S.C. §1692g(b); and Florida Statutes §559.72 (7) and §559.72 (9).

b) Awarding Plaintiff statutory damages and punitive damages pursuant to 47 U.S.C. § 227(b);

c) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692(k);

d) Awarding Plaintiff statutory damages pursuant to Florida Statutes §559.77;

e) Awarding Plaintiff attorneys fees, filing fees and costs incurred in this action, pursuant to 47 U.S.C. § 227(b); 15 U.S.C. § 1692(k); and Florida Statutes §559.72; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff re-alleges paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

88.     Unless the Defendant is immediately enjoined from continuing Debt collection attempts on the disputed debt and disclosing information with regard to the debt to third parties, Plaintiff will suffer irreparable injury.

89.     Plaintiff has no adequate remedy at law.

90.     Plaintiff has a clear legal right to the protections of the FCCPA and the FDCPA.

91.     The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable Plaintiff requests this Court enter a judgment for Declaratory and Injunctive Relief against Defendants and such other equitable relief this Court deems appropriate.

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF FLORIDA            )

COUNTY OF MIAMI-DADE            )

Plaintiff ERICK M. GUZMAN, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a plaintiff in this civil proceeding

2. I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable injury.

3. I believe this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

ERICK M. GUZMAN

Subscribed and sworn to before me
this 28 day of August 2015.

Notary Public

My Commission Expires:

Sept. 16, 2016

Proof of I.D.: 9255-213-86-092-0



CONSUELO M MELLA
MY COMMISSION # EE835074
EXPIRES September 16, 2016
(407) 398-0153   FloridaNotaryServ©.com

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 31st Day of August, 2015

/s/ *Stephen DeTata*
Stephen DeTata, Fla. Bar No.:: 176291
For the Firm
DETATA LAW GROUP, P.A.
P.O. Box 292711
Davie, Florida 33329
e-mail: steve.detata@aol.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and prepared to be served on Defendant's Registered Agent this 31st day of August, 2015 via service of process and/or U.S. Mail delivery to:

Registered Agent:

Timothy J. Burson
200 Ashford Center North
Suite 500
Atlanta, GA 30338
*Defendant's Registered Agent*

/s/ *Stephen DeTata*
Stephen DeTata, Fla. Bar No.:: 176291
For the Firm
DETATA LAW GROUP, P.A.
P.O. Box 292711
Davie, Florida 33329
e-mail: steve.detata@aol.com
*Attorney for Plaintiff*

16

## EXHIBIT "A"

1) February 02, 2105 11:24am – Erick received a call from 1-866-837-6192 to his cellular phone number (786) 389-9252, said hello and there was no response. Shortly after, a male named Sam stated he was calling from FAMS. Erick said stop calling me and hung up.

2) February 19, 2105 10:02am – Received a Pre-Recorded message from 1-866-837-6192

3) February 23, 2105 11:30am – Received a Pre-Recorded message from 1-866-837-6192

4) February 27, 2105 1:03pm – Received a Pre-Recorded message from 1-866-837-6192

5) March 02, 2105 3:59pm – Received a Pre-Recorded message from 1-866-837-6192

6) March 03, 2105 10:18am – Received a Pre-Recorded message from 1-866-837-6192

7) March 04, 2105 1:31pm – Received a Pre-Recorded message from 1-866-837-6192

8) March 06, 2105 11:30am – Received a Pre-Recorded message from 1-866-837-6192

9) March 06, 2105 11:30am – Received a Pre-Recorded message from 1-866-837-6192

10) March 09, 2105 10:30am – Received a Pre-Recorded message from 1-866-837-6192

11) March 17, 2105 10:57am – Received a Pre-Recorded message from 1-866-837-6192

12) March 25, 2105 1:30pm – Received a Pre-Recorded message from 1-866-837-6192

13) March 26, 2105 10:52am – Received a Pre-Recorded message from 1-866-837-6192

14) March 30, 2105 10:27am – Received a Pre-Recorded message from 1-866-837-6192

15) April 01, 2105 6:05pm – Received a Pre-Recorded message from 1-866-837-6192

16) April 02, 2105 2:50pm – Received a Pre-Recorded message from 1-866-837-6192

**EXHIBIT B PG 1 OF 2**



CDFAMS02
PO Box 1022
Wixom MI 48393-1022
**ADDRESS SERVICE REQUESTED**

**FAMS**

FINANCIAL ASSET MANAGEMENT SYSTEMS INC
PO BOX 451437 • ATLANTA, GA 31145-1437
888-680-4326

02/11/15

Hours: Mon-Fri 8am-7pm • Select Sat 8am-12pm
Sun Closed (EST)

06X    520098922

ERICK M GUZMAN
9125 SW 77th Ave Apt A304          15173
Miami FL 33156-7658

Pay Online by Visiting
http://studentloan.famspayonline.net

| | |
|---|---|
| Account Number: | 1018076196 |
| Account Balance: | $8,532.05 |

| | | | |
|---|---|---|---|
| ORIGINAL CREDITOR: | US DEPARTMENT OF EDUCATION | FAMS ID #: | 0040312795769 |
| ORIGINAL PRINCIPAL BALANCE: | $5,874.12 | TOTAL AMOUNT PAID: | $.00 |
| CURRENT PRINCIPAL BALANCE: | $5,874.12 | | |
| INTEREST: | $987.75 | PENALTY: | $.00 |
| FEES AND COSTS: | $1,670.18 | TOTAL BALANCE: | $8,532.05 |

## WE'RE WAITING TO HELP YOU

Dear ERICK M GUZMAN

Our office mailed you a letter on February 5, 2015 informing you of loan rehabilitation options that you may be entitled to. These programs were created by the US Department of Education and are designed to provide you with needed relief from your defaulted student loan by relieving you from the negative consequences of a default status.

These programs are income based allowing you the most affordable option by taking into consideration your personal circumstances. In addition, these programs will reduce your overall debt by eliminating your outstanding collection costs.

Please take the time and telephone one of our loan rehabilitation specialists who are standing by to help you at 888-680-4326. We look forward to assisting you with the benefits that you are entitled to.

Sincerely yours,

Kevin Inches Vice-President of Operations
888/680-4326

Calls to and from FAMS may be monitored and/or recorded for quality assurance.
This communication is from a debt collector. This is an attempt to collect a debt.
Any information obtained will be used for that purpose.

819CDFAMS0208X

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

EXHIBIT "B"   PG 2 OF 2

| | |
|---|---|
| **Hours:** | Monday through Friday: 8:00 AM to 7:00 PM; Select Saturdays: 8:00 AM to 12:00 PM; Sunday: Closed |
| **Voice Mail:** | The toll-free number provided with your notice accepts voice mail messages 24 hours daily. Please leave a complete message containing your full name; creditor; FAMS account ID number; name of the person within FAMS that you wish to reach; and your 10-digit callback number.  Calls will be returned within two business days. |
| **Locations/Hours:** | 1967 Lakeside Parkway, Suite 402, Tucker, GA 30084<br>70 Corporate Hills Drive, Suite 103, St. Charles, MO 63301<br>11499 Chester Road, Suite 101, Sharonville, OH 45246 |
| **Corporate Office:** | 1967 Lakeside Parkway, Suite 402, Tucker, GA 30084; 1-866-924-3267 |

EXHIBIT "C" PG 1 OF 2



CDFAMS02
PO Box 1022
Wixom MI 48393-1022

ADDRESS SERVICE REQUESTED

FINANCIAL ASSET MANAGEMENT SYSTEMS INC
PO BOX 451437 • ATLANTA, GA 31145-1437
888-680-4326

Hours: Mon-Fri 8am-7pm • Select Sat 8am-12pm
Sun Closed (EST)

02/18/15

Pay Online by Visiting
http://studentloan.famspayonline.net

06Y    526255918

ERICK M GUZMAN
9125 SW 77th Ave Apt A304          7218
Miami FL 33156-7658

| Account Number: | 1018076196 |
|---|---|
| Account Balance: | $8,541.71 |

ORIGINAL CREDITOR: US DEPARTMENT OF EDUCATION
ORIGINAL PRINCIPAL BALANCE:     $5,874.12
CURRENT PRINCIPAL BALANCE:      $5,874.12
INTEREST:                       $995.52
FEES AND COSTS:                 $1,672.07

FAMS ID #:          0040312795769
TOTAL AMOUNT PAID:  $.00

PENALTY:            $.00
TOTAL BALANCE:      $8,541.71

## New Programs Available

Dear ERICK M GUZMAN

We have not heard from you regarding your interest in a loan rehabilitation program that will eliminate your outstanding student loans from your current default status. These income based programs are designed by the US Department of Education and take into consideration your monthly expenses – allowing you the most affordable option that gets your loan out of default status with nine convenient and affordable payments.

Once out of default, you will be relieved of the negative consequences of default including administrative wage garnishment and tax offsets, where the law permits such remedies. Also, your collection costs will be eliminated reducing your overall debt.

Your qualification and entrance into one of these programs is simple and quick so please take the time to contact one of our loan rehabilitation specialists at 888-680-4326 so we can help you secure the most affordable option to get your loan out of default.

We look forward to assisting you with the benefits that you are entitled to.

Sincerely yours,

Kevin Inches Vice-President of Operations
888/680-4326

Calls to and from FAMS may be monitored and/or recorded for quality assurance.
This communication is from a debt collector. This is an attempt to collect a debt.
Any information obtained will be used for that purpose.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

819CDFAMS0208Y

EXHIBIT "C" PG 2 OF 2

| | |
|---|---|
| **Hours:** | Monday through Friday: 8:00 AM to 7:00 PM; Select Saturdays: 8:00 AM to 12:00 PM; Sunday: Closed |
| **Voice Mail:** | The toll-free number provided with your notice accepts voice mail messages 24 hours daily. Please leave a complete message containing your full name; creditor; FAMS account ID number; name of the person within FAMS that you wish to reach; and your 10-digit callback number.  Calls will be returned within two business days. |
| **Locations/Hours:** | 1967 Lakeside Parkway, Suite 402, Tucker, GA 30084<br>70 Corporate Hills Drive, Suite 103, St. Charles, MO 63301<br>11499 Chester Road, Suite 101, Sharonville, OH 45246 |
| **Corporate Office:** | 1967 Lakeside Parkway, Suite 402, Tucker, GA 30084; 1-866-924-3267 |

EXHIBIT "D" PG 1 OF 2

05/21/2015

Erick M. Guzman
9125 Sw 77th Ave Apt. A304
Miami, FL 33156

VIA Certified Mail# 7014 2870 0001 1466 6564

FINANCIAL ASSET
MANAGEMENT SYSTEMS, INC.
1967 Lakeside Pkwy Ste. 402
Tucker, GA 30084

Re: Erick Guzman

## DEBT VALIDATION REQUEST

To: FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.

I am sending this letter to you in response to a letter I received from you on April 26, 2015 dated February 12, 2015 claiming you are attempting to collect a debt supposedly on behalf of FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. I am not aware of any agreement or contract between myself and your client or myself and your firm. Be advised, this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809, Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.72 that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for **VALIDATION** made pursuant to the above named Title and Section. I respectfully request that your office provide me with competent evidence that I have any legal obligation to pay you such as an executed contract between the two of us.

Please provide me with the following:

- What the money you say I owe is for;
- Explain and show me how you calculated what you say I owe;
- Provide me with copies of any papers that show I agreed to pay what you say I owe with live signature;
- Prove the Statute of Limitations has not expired on this account;
- Show me that you are licensed to collect in my state; and
- Provide me with your license numbers and Registered Agent.
- Provide me with proof that the alleged debt is in compliance with U.S. Usury laws

If your offices have reported invalidated information to any of the three major Credit Bureau's (Equifax, Experian or TransUnion) or any other Credit Reporting Agencies, said action might constitute fraud under both Federal and State Laws. Due to this fact, if

EXHIBIT "D" PG 2 OF 2

any negative mark is found on any of my credit reports by your company or the company that you represent, I will not hesitate in bringing legal action against you for the following:

- Violation of the Fair Credit Reporting Act
- Violation of the Fair Debt Collection Practices Act
- Defamation of Character
- Violation of the Truth in Lending Act
- Violation of RICO Act
- Florida Consumer Collection Practices Act (FCCPA)

If your offices are able to provide the proper documentation as requested, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

During this validation period you must **CEASE AND DESIST** all collection activity. If any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel. This includes any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. make no telephone contact to my home, cellular phone or to my place of employment. If FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. attempts telephone communication with me, including but not limited to computer generated calls or correspondence sent to any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address or email address noted in this letter.

This is an attempt to correct your records, any information obtained shall be used for that purpose.


Best Regards,


_____

Erick Guzman
cfoerickgns@outlook.com

EXHIBIT "E" PG 1 OF 2

CDFAMS02
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

**FAMS**

FINANCIAL ASSET MANAGEMENT SYSTEMS INC
PO BOX 451437 • ATLANTA, GA 31145-1437
888-680-4326

06/04/15

Hours: Mon-Fri 8am-7pm • Select Sat 8am-12pm
Sun Closed (EST)

Pay Online by Visiting
**http://studentloan.famspayonline.net**

ERICK M GUZMAN
9125 SW 77th Ave Apt A304          4069
Miami FL 33156-7658

| | |
|---|---|
| Account Number: | 1018076196 |
| Account Balance: | $8,687.37 |

06/04/15

This notice regarding your defaulted student loan or grant overpayment debt held by the U.S. Department of Education is from Financial Asset Management Systems, Inc. The Department of Education has placed your account with this agency for collection.

| | | | |
|---|---|---|---|
| ORIGINAL CREDITOR: US DEPARTMENT OF EDUCATION | | FAMS ID #: | 0040312795769 |
| ORIGINAL PRINCIPAL BALANCE: | $5,874.12 | TOTAL AMOUNT PAID: | $.00 |
| CURRENT PRINCIPAL BALANCE: | $5,874.12 | | |
| INTEREST: | $1,112.66 | PENALTY: | $.00 |
| FEES AND COSTS: | $1,700.59 | TOTAL BALANCE: | $8,687.37 |

This notice is to advise you that your recent correspondence has been received in our office.

Your correspondence is being reviewed and we will respond by letter or telephone, as appropriate, upon completion of our review.

Sincerely yours,

Kevin Inches, Vice President of Operations
888-680-4326

**Calls to and from FAMS may be monitored and/or recorded for quality assurance.**
**This communication is from a debt collector. This is an attempt to collect a debt.**
**Any information obtained will be used for that purpose.**

XCDFAMS0204W
608255346

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

EXHIBIT "E" PG 2 OF 2

| | |
|---|---|
| **Hours:** | Monday through Friday: 8:00 AM to 7:00 PM; Select Saturdays: 8:00 AM to 12:00 PM; Sunday: Closed |
| **Voice Mail:** | The toll-free number provided with your notice accepts voice mail messages 24 hours daily. Please leave a complete message containing your full name; creditor; FAMS account ID number; name of the person within FAMS that you wish to reach; and your 10-digit callback number.  Calls will be returned within two business days. |
| **Locations/Hours:** | 1967 Lakeside Parkway, Suite 402, Tucker, GA 30084<br>70 Corporate Hills Drive, Suite 103, St. Charles, MO 63301<br>11499 Chester Road, Suite 101, Sharonville, OH 45246 |
| **Corporate Office:** | 1967 Lakeside Parkway, Suite 402, Tucker, GA 30084; 1-866-924-3267 |

EXHIBIT "F"   PG 1 OF 2

07/10/2015

ERICK M. GUZMAN
9125 SW 77th Ave. Apt A304
Miami, Fl 33156

VIA Certified Mail# 7013 2630 0000 3759 4079

FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.
P.O. BOX 451437
Atlanta, GA 31145

Re: Account # 1018076196

## FINAL DEBT VALIDATION REQUEST, DISPUTE AND
## NOTICE OF PENDING LAWSUIT

To: FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.

I am sending you this final letter in response to a correspondence I received from you dated June 04, 2015 received June 26, 2015 stating that The Department of Education placed my account for collection with your firm, but how do I really know you represent them? They have never sent me a legal notice stating you are collecting on their behalf and I have not been provided with any legal evidence showing that you have a legal right to collect on their behalf. In addition, how did you come up with your beginning balance or any balance on the statement you sent me? This is a huge red flag to me and I believe this may be fraudulent and that my personal information has been fraudulently obtained.

This is now the FINAL dispute I send to your firm disputing the alleged debt. Be advised, this a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809, the Telephone Consumer Protection Act (TCPA) 47 U.S.C. §227(b)(1)(iii) and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.72 that your claim is disputed and validation is requested. Failing to cease collection efforts on an alleged debt when validation is requested is a direct violation of the above statutes.

I am not aware of any debt I owe you and respectfully request that your office provide me with competent evidence that I have any legal obligation to pay you or The Department of Education.

Please provide me with the following:

- What the money you say I owe is for;
- Explain and show me how you calculated what you say I owe;
- Provide me with copies of any papers that show I agreed to pay what you say I owe with live signature; ie contract or agreement
- Identify the original creditor;
- Prove the Statute of Limitations has not expired on this account;
- Show me that you are licensed to collect in my state; and

*EXHIBIT F   PG 2 OF 2*

- Provide me with your license numbers and Registered Agent.
- Provide me with proof that the alleged debt is in compliance with U.S. Usury laws

**This FINAL NOTICE is being sent prior to filing suit; an opportunity to amicably cure FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c *et seq.,* and the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559.72 *et seq.,* and the Telephone Consumer Protection Act (TCPA) 47 U.S.C. §227(b)(1)(iii).**

I am willing to settle these matters amicably without having to file suit. At this point the **statutory damages** incurred may be as high as **$65,500.** If **FINANCIAL ASSET MANAGEMENT SYSTEMS, INC** chooses not to settle the matters at hand then I will have no choice but to **file suit** and seek my remedy in a court of law, which will incur additional legal fees.

I can be reached by cell phone at 786-389-9252 or directly via email at cfoerickgns@outlook.com. This cell number is not to be called, shared, or used for any purpose other than to address the matters at hand.

This is an attempt to correct your records, any information obtained shall be used for that purpose.

Best Regards,

_____

Erick Guzman
cfoerickgns@outlook.com